UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JESUS ANGEL, ET AL., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 10-CV-04401-LHK <br><br> ORDER REMANDING UNLAWFUL DETAINER ACTION TO MONTEREY COUNTY SUPERIOR COURT |

Jesus Angel and Barbara Fimbrez-Angel (the "Angels") have filed a notice of removal of their Monterey County Superior Court unlawful detainer action (in which they are Defendants) based on "federal claims raised in [Angels'] affirmative defenses to the unlawful detainer complaint."

In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure section 1161. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018,

1

Case No.: 10-CV-04401-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

1   2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d
2   162, 168, 136 Cal. Rptr. 596 (1977)).

3         An unlawful detainer cause of action such as the one asserted here does not raise a federal
4   question. *See, e.g.*, *Litton*, 2011 U.S. Dist. LEXIS 8018, *2 (remanding unlawful detainer action to
5   state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist.
6   LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same). Moreover, it is well-settled that a case
7   may not be removed to federal court on the basis of a federal defense. *See Franchise Tax Bd. v.*
8   *Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Thus, to the extent the Angels'
9   defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal
10  law, those allegations do not provide a basis for federal jurisdiction.

11        Accordingly, the unlawful detainer action is REMANDED to Monterey County Superior
12  Court.

13  **IT IS SO ORDERED.**

15  Dated: April 28, 2011

                                      LUCY H. KOH
                                      United States District Judge

**United States District Court**
For the Northern District of California